IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                      RESPONDENT

v.                                  No. 6:13-cr-60019
                                    No. 6:14-cv-06065

CARLOS G. BREWER                                                MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Supplemental Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed herein by Carlos G. Brewer (hereinafter referred to as "Brewer"), an inmate confined at the Forrest City Medium Federal Correctional Institution in Forrest City, Arkansas.

The Motion[1] was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 41. The Court has considered the entire record, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Supplemental Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF Nos. 29, 38) be **DENIED**.

1.      **Background**:

On April 24, 2013, Brewer was named in a seven (7) count Indictment filed in the United States District Court for the Western District of Arkansas. ECF No. 1. All seven counts alleged

---

[1] The Court will refer to the original and supplemental motions collectively as the "Motion."

Brewer "did knowingly and intentionally distribute a controlled substance, namely, a mixture or substance containing a detectable amount of cocaine base, commonly known as 'crack cocaine,' a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)." The Indictment alleges this conduct occurred on October 29, 2012 (Count 1); October 30, 2012 (Count 2); October 31, 2012 (Count 3); November 12, 2012 (Count 4); November 14, 2012 (Count 5); November 29, 2012 (Count 6); and December 7, 2012 (Count 7). *Id.*

On June 13, 2013, Brewer appeared for an arraignment before the undersigned. ECF No. 7. At this arraignment, Brewer appeared with court-appointed counsel, James Pierce. *Id.* Brewer entered a plea of not guilty to Counts 1-7 of the Indictment. *Id.* Subsequently, the Honorable U.S. District Judge Susan O. Hickey set the jury trial in Brewer's case for July 23, 2013. ECF No. 12. On July 8, 2013, Brewer moved to continue the trial date. ECF No. 17. The next day, Judge Hickey continued Brewer's trial date to October 24, 2013. ECF No. 18.

On September 20, 2013, Brewer appeared with counsel James Pierce for a change of plea hearing and entered a plea of guilty to Count 2 of the Indictment. ECF No. 19. On the same day, Brewer and the Government submitted a Plea Agreement to the Court. ECF No. 20. As a part of this Plea Agreement, Brewer agreed to plead guilty to Count 2 of the Indictment. *Id.* ¶ 1. Brewer also admitted to the following facts: on October 30, 2012, a confidential informant "made a controlled buy of crack cocaine" from Brewer and paid $400.00 for 6.4426 grams of crack cocaine. *Id.* ¶ 3.

Also as a part of this Plea Agreement, Brewer acknowledged he had been advised of the maximum penalties for each count to which he was to plead guilty and agreed he faced a maximum term of imprisonment of twenty (20) years; a maximum fine of $1,000,000; both imprisonment and

a fine; a term of supervised release; the possibility of going back to prison if he violates his conditions of supervised release; and a special assessment of $100.00. ECF No. 20 ¶ 11. Brewer also waived his appellate and post-conviction rights as a part of this Plea Agreement. *Id.* ¶ 8.

Brewer made the following representations in the Plea Agreement: "By signing the plea agreement, the defendant acknowledges that: a. The defendant has read this agreement and carefully reviewed every part of it with defense counsel.  b. The defendant fully understands this plea agreement and is not under the influence of anything that could impede the defendant's ability to fully understand this plea agreement.  c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this plea agreement.  d. The defendant is satisfied with the legal services provided by defense counsel in connection with this plea agreement and matters related to it.  e. The defendant has entered into this plea agreement freely, voluntarily, and without reservation and the defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the defendant or anyone connected with the defendant."  ECF No. 20 ¶ 26.

After the change of plea hearing, the U.S. Probation Office prepared a Pre-sentence Investigation Report ("PSR") at Judge Hickey's direction.  The PSR found Brewer's base offense level to be 26 pursuant to U.S.S.G. § 2D1.1.  ECF No. 24 at 5.  Brewer received a 2 level reduction for acceptance of responsibility, and the Government also recommended an additional 1 level reduction for acceptance of responsibility.  *Id.* at 6.  This resulted in an offense level of 23.  *Id.*  The PSR found Brewer had a criminal history score of 10, which establishes a criminal history category of V.  *Id.* at 9.  This resulted in a U.S.S.G. range of 84 to 105 months, a term of supervised release of at least three years, a fine range of $10,000.00 to $1,000,000.00, and a special assessment of

$100.00.  *Id.* at 12-14.

On December 11, 2013, Brewer appeared before Judge Hickey for sentencing.  ECF No. 26.

At sentencing, Judge Hickey sentenced Brewer to 84 months in the Bureau of Prisons with credit for

time served in federal custody and three years of supervised release.  *Id.*  Judge Hickey also

recommended Brewer be a candidate for the Intensive Drug Treatment Program while incarcerated.

*Id.*  Brewer did not file an appeal.

**2.**     **Instant Motion**:

On May 12, 2014, Brewer timely filed a *pro se* Motion to Vacate, Set Aside, or Correct

Sentence under 28 U.S.C. § 2255.  ECF No. 29.  Counsel was then appointed to represent Brewer.

ECF No. 35.  Once represented, Brewer then filed a Supplemental Motion to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255.  ECF No. 38.  The Court directed a response, and the

Government filed its Response on October 6, 2014.  ECF No. 41.

In both motions, Brewer raises four arguments:

1.     Ineffective assistance of counsel because his counsel failed to file an appeal in his case even though he claims he specifically instructed his counsel to file an appeal;

2.     Ineffective assistance of counsel because "[c]ounsel provided unprofessional and erroneous advice by having Movant [Brewer] sign an unintelligent plea" and waive his right to file a request for a modification under Title 18 U.S.C. § 3582(c)(2);

3.     Ineffective assistance of counsel because "[c]ounsel failed to challenge [the] drug quantity at sentencing hearing"; and

4.     Ineffective assistance of counsel because counsel did not seek a § 5K1.1 motion for a downward departure.

ECF Nos. 29, 38.  This matter is now ready for decision.

**3.**     **Discussion**:

Brewer requests relief under 28 U.S.C. § 2255.  ECF Nos. 29, 38.  A § 2255 motion is

-4-

fundamentally different from a direct appeal. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). As noted above, Brewer requests relief based upon his four arguments listed above. The Government has responded to each of these claims. ECF No. 41. The Court will address each of these specific issues.

However, as an initial matter, the Court notes in order to prevail on an ineffective assistance of counsel claim, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence", and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (*quoting Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (*quoting Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (*citing Strickland v. Washington*, 466 U.S. 668, 689,(1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(*citing United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court considers counsel's performance objectively and gauges whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)(citations omitted). The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight. *See id.* There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors

that "undermined the reliability of the finding of guilt. . ." *White,* 314 F.3d at 678.   If, however,

"counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there

has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable

[and no showing of prejudice is required]." *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a

defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would

have been different." *Strickland*, 466 U.S. at 694.   Prejudice can only be found if, "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.   A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

## A.      Request for an Appeal

Brewer claims his counsel was ineffective because he failed to appeal Brewer's case.   ECF

No. 29 at 3-5.   Brewer claims he specifically requested his counsel file an appeal in his case.   *Id.*

Despite this specific request, Brewer claims his counsel failed to file an appeal. *Id.*   Brewer claims

this was ineffective assistance of counsel.   *Id.*

For Brewer's claim to succeed, he must show that he instructed his counsel to file an appeal.

*See Holloway v. United States,* 960 F.2d 1348, 1357 (8th Cir. 1992).   Further, a bare claim or a

"single, self-serving, self-contradicting statement" is insufficient to make that required showing.   *Id.*

In this case, for the following four reasons, the Court finds Brewer has not supplied sufficient

evidence to demonstrate he directed his attorney to file an appeal.

First, Brewer has been inconsistent as to the *timing* of his alleged request to his attorney to

file an appeal.   This fact certainly lessons Brewer's credibility.   Indeed, in his memorandum brief,

Brewer states he directed his attorney to appeal *at sentencing*. Specifically, Brewer claims he "directed Counsel to appeal at the time of sentencing." ECF No. 30 at 5. In apparent contradiction to that claim, Brewer also supplied an affidavit he signed on April 29, 2014 stating he requested the appeal *within fourteen days* of sentencing: "Within 14 days after my sentencing, I did put into the institution mailbox, a letter to my attorney requesting that he file an appeal on my behalf." ECF No. 30-1. Thus, it is unclear when Brewer claims he actually requested this appeal.

Second, Brewer's attorney, Mr. Pierce, stated in his affidavit that Brewer did not direct him to file an appeal. ECF No. 41-1. Specifically, in his affidavit, Mr. Pierce testified as follows: "I specifically remember discussing the possibility of an appeal with Mr. Brewer at the time of his sentencing and he advised he understood his right to appeal and made it clear that he did not wish to appeal." *Id.* at 1.

Third, Brewer's conduct after sentencing does not support his claim that he had any interest in his appealing his case. According to Mr. Pierce's affidavit, the very first time Brewer mentioned an appeal to him was "almost four (4) months" after his sentencing. ECF No. 41-1. Indeed, Mr. Pierce also testified in his affidavit that he had several discussions with Brewer's family about the case and had received written correspondence from Brewer himself, and there had not been any mention of an appeal.

Fourth, in the Plea Agreement which Brewer signed, Brewer waived his right to appeal. ECF No. 20. The Plea Agreement stated: "In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement: a. the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or

-7-

18 U.S.C.  § 3742(a). . . . " Such an agreement certainly contradicts his current claim that he requested an appeal be filed at the time of his sentencing.

For these four reasons, the Court finds Brewer has not supplied sufficient evidence demonstrating he actually directed his counsel to appeal his conviction.  In fact, this evidence directly contradicts his claim.  Thus, the Court finds no support for his claim that his counsel was deficient.

**B.     Plea Agreement Waiver**

Brewer claims his counsel was ineffective because he provided "unprofessional and erroneous advice by having Movant [Brewer] sign an unintelligent plea."  ECF No. 29 at 4. Specifically, Brewer claims his counsel was ineffective because he advised Brewer to sign the Plea Agreement despite the fact that agreement "gave away his right to file for a modification of his sentence under Title 18 U.S.C. § 3582(c)(2)."  ECF No. 30 at 6-7.  Brewer claims he should not agreed to that provision because there was a change in law coming that would allow him to serve a shorter sentence.  *Id.*  Brewer claims his counsel should have anticipated that change in the law. *Id.*

As an initial matter, the Court notes that on June 10, 2015, Brewer *did receive* a reduction in his sentence pursuant to § 3582(c)(2).  *See* ECF No. 46.  Thus, this waiver was not enforced. Notably, Brewer's sentence was reduced from 84 months to 70 months.  *Id.*  Accordingly, even if his counsel were deficient[2] in advising Brewer on the law–or a potential change in the law–Brewer

_____

[2] This is a big assumption because there is also no evidence his counsel was deficient.  Indeed, his counsel's failure to anticipate a change in the law (here, the retroactive application of Amendment 782 and recently amended Policy Statement §1B1.10) does not establish his counsel's performance was deficient.  *See Hamberg v. United States,* 675 F.3d 1170, 1173 (8th Cir. 2012) (reaffirming the Eighth Circuit's prior holding that a "failure to anticipate a change in the law will not establish that counsel

was not prejudiced, and the second prong of *Strickland* cannot be met.  *See Strickland*, 466 U.S. at 694.  Thus, Brewer cannot establish his counsel was ineffective under *Strickland*.

      **C.**      **Drug Quantity**

      Brewer claims his counsel was ineffective because he failed to challenge the drug quantity at sentencing.  ECF No. 29 at 4.  Brewer claims he and the Government had agreed to a specific drug quantity and base offense level in the Plea Agreement, but the Government did not honor that agreement.  ECF No. 30 at 8-10.  Brewer claims his counsel's failure to object when the Government did not honor the Plea Agreement was ineffective assistance of counsel.  *Id.*

      Upon review, the Court first notes that the Plea Agreement does not contain a stipulation from the Government as to a specific drug quantity.  As noted above, a specific drug amount of "6.4426 grams of crack cocaine" is only referenced in the "Admission of Factual Basis in Support of Guilty Plea."  *Id.* ¶ 3.  This is not a *stipulation* from the Government but rather is an admission by Brewer to support the guilty plea.  Thus, his counsel was not deficient when he did not attempt to enforce a "stipulation" the Government never made.

      Further, as a part of the Plea Agreement which Brewer signed, the Government specifically reserved the right to introduce evidence of "Relevant Conduct": "At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of the Agreement, and/or which is the basis for any of the counts which will be dismissed

---

performed below professional standards" (*quoting Fields v. United States,* 201 F.3d 1025, 1027-28 (8th Cir. 2000))).

pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines."  ECF No. 20 ¶ 16.  Thus, the Government was complying with the Plea Agreement when it supplied evidence of higher drug quantities at sentencing, and the Court finds no evidence Brewer's counsel was deficient for failing to object to these drug quantities.

As a final point on this matter, in Brewer's Supplemental Motion, he also claims he and the Government had agreed to a "specified drug quantity" during the plea negotiations.  ECF No. 38.  However, despite this claim, the Plea Agreement signed by Brewer specifically states that the concessions, representations, and statements made in the Plea Agreement constituted the "Entire Agreement": "The defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties.  Further, all parties agree that there are no *oral agreements* or promises which have been made to induce the defendant to change his plea to guilty."  ECF No. 20 ¶ 28 (emphasis added).  Thus, any reliance Brewer had on oral agreements or representations were unjustified considering the Plea Agreement he signed.

**D.      Section 5K1.1 Motion**

Brewer claims his trial counsel was deficient for failing to move for "a downward variance from the guidelines based on Movant's [Brewer's] cooperation."  ECF No. 38 at 4-5.  In making this argument, Brewer claims he cooperated with the Government; as such, he should have received a sentence reduction under Section 5K1.1 of the Federal Sentencing Guidelines.  *Id.*

The Court has reviewed this argument and finds no merit to Brewer's claim on this issue.  Notably, a Section 5K1.1 motion must be made by the Government, not Brewer's counsel, and Brewer's counsel cannot be found to be deficient for failing to make a motion he could not make in the first place.  Additionally, in the PSR, Brewer already had received 3 point reduction for

"Acceptance of Responsibility" which would certainly be a reward or benefit for Brewer's decision to cooperate with the Government.  *See* ECF No. 24 ¶¶ 27-28.

Finally, apart from Brewer's bare claim on this issue, there is no evidence that he even cooperated or would at all be entitled to a  Section 5K1.1 reduction.  Accordingly, this claim does not supply a basis for Section 2255 relief.  *See Hollis v. United States,* 796 F.2d 1043, 1046 (8th Cir. 1986) (recognizing that vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255).

**4.**     **Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter.  Brewer is clearly not entitled to the relief he seeks.[3]  Further, I find Brewer has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**5.**     **Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motion be **DENIED** and dismissed with prejudice.  Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are**

---

[3]*See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

DATED this **2nd day of July 2015.**

_/s/ Barry A. Bryant_____

HON. BARRY A. BRYANT

U.S. MAGISTRATE JUDGE